UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alain Barrios Madruga (A-Number: A-240-385-172),<br>Petitioner,<br>v.<br>TONYA ANDREWS, ET AL.,<br>Respondents. | No. 1:26-cv-06079-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Alain Barrios Madruga is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 7.

Respondents argue that, although petitioner is entitled to a bond hearing, petitioner bears the burden of establishing he is not a flight risk or a danger. Doc. 10 at 1–2. It is true that at an *initial* § 1226(a) hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (quoting *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)). But when, as here, a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then is subsequently re-detained, due process requires a bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) ("Where a noncitizen had previously been released from ICE detention, indicating ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the government bears the burden of justifying the noncitizen's re-detention without bond . . . ."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (same); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1093 (N.D. Cal. 2025) (same).

Courts have required that the burden be on the government because the noncitizen's "initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025). "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Id.*

*Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), is not to the contrary. There, the court upheld § 1226(a)'s procedures as applied at an initial custody determination. But here, unlike the petitioner in *Rodriguez Diaz*, petitioner was previously released following at least an implicit finding that he was not a flight risk or danger. And "*Rodriguez Diaz* [] does not limit the Due Process rights of those petitioners whom the government had already voluntarily released." *Andudia-Carillo v. Albarran*, No. 25-CV-10380-VC, 2025 WL 4479434, at *1 (N.D. Cal. Dec.

17, 2025); *see also Rodriguez Diaz*, 53 F.4th at 1213 ("[W]e do not foreclose all as-applied challenges to § 1226(a)'s procedures" because "[d]ue process is a flexible concept that varies with the particular situation.").

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner Alain Barrios Madruga (A-Number: A-240-385-172) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: August 11, 2026

UNITED STATES DISTRICT JUDGE